MISC 05 -175 S

KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
EDWIN L. JOE (SBN 112328)
Special Assistant United States Attorney

455 Market Street, 6th Floor
San Francisco, California 94105-2420
Telephone: (415) 744-8494
Facsimile: (202) 481-1810 or (415) 744-6812
Email: edwin.joe@sba.gov

Attorneys for Federal Plaintiff

E-Filing

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | C 05 4187 |
| **Plaintiff,** | |
| **v.** | **Civ. Action No.** JF PVT |
| **NEW VISTA CAPITAL FUND, LP** | |
| **Defendant.** | |

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
EDWIN L. JOE (SBN 112328)
Special Assistant United States Attorney

455 Market Street, 6th Floor
San Francisco, California 94105-2420
Telephone: (415) 744-8494
Facsimile: (202) 481-1810 or (415) 744-6812
Email: edwin.joe@sba.gov

Attorneys for Federal Plaintiff

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** **Plaintiff,** **v.** **NEW VISTA CAPITAL FUND, LP** **Defendant.** | **E-Filing** **Civ. Action No. C 05 4187 JF PVT** |

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

3. Defendant, New Vista Capital Fund, LP (hereinafter "New Vista" or "Licensee"), is a Delaware limited partnership that maintains its principal place of business at 161 East Evelyn Avenue, Mountain View, California, 94041. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

**Statutory and Regulatory Framework**

4. New Vista was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) on or about December 4, 1998 under SBA License No. 09/79-0417 solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. New Vista's general partner is New Vista Capital, LLC.

6. New Vista's Limited Partnership Agreement contains an acknowledgement by New Vista that the SBIC would be operated in accordance with the Regulations and the Act at all times.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to New Vista through the purchase and/or guaranty of the following Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $9,108,629.00 as follows:

| Loan No. | Amount | Date Issued | Rate |
|---|---|---|---|
| 0201565100 | $ 108,628.96 | 11/25/97 | 6.510% |
| 0201575103 | $2,000,000.00 | 09/21/98 | 6.100% |
| 0204705100 | $ 500,000.04 | 05/13/02 | 5.199% |
| 0204705209 | $3,250,000.00 | 08/30/02 | 4.524% |
| 0204705307 | $3,250,000.00 | 10/05/02 | 4.524% |

Currently, the entire amount of the Participating Securities balance of $9,108,629.00 remains outstanding.

10. The Participating Securities described in paragraph 9, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provision of 13 C.F.R. §§107.1820-1850 and §107.507.

11. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as New Vista may be forfeited and the company may be declared dissolved.

12. Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as New Vista, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may

make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

### CAPITAL IMPAIRMENT

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Section §107.1830(c) of the Regulations requires that New Vista not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations.

15. Based on the SBA Form 468 submitted by New Vista for the period ending September 30, 2003 SBA determined that New Vista had a condition of Capital Impairment, as that term is defined under the Regulations, as its capital impairment percentage was over 119%.

16. By letter dated December 23, 2003, SBA notified New Vista that SBA was placing New Vista into Restrictive Operations pursuant to 13 C.F.R. §107.1820(e)(3) and was imposing Restrictive Operation Remedies pursuant to 13 C.F.R. § 107.1820(f). SBA gave New Vista 15 (fifteen) days to cure their condition of capital impairment.

17. New Vista failed to cure its condition of capital impairment. Therefore as a further consequence of its condition of capital impairment, New Vista was transferred to liquidation status by SBA on January 15, 2004.

18. To date, New Vista has failed to cure its condition of Capital Impairment and the entire principal balance of Participating Securities purchased by SBA, totaling $9,108,629.00, remains outstanding.

19. New Vista's failure to cure its condition of Capital Impairment is a violation of §107.1830(b) of the Regulations.

20. New Vista's non-compliance with its terms of Leverage under 13 C.F.R. §107.1830(b) is also a violation of Section 13 C.F.R. §107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities and nonperformance of its Application for SBIC License, which is a written agreement with SBA.

21. SBA has determined that New Vista is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is in violation of the Regulations, 13 C.F.R. §§107.1830(b) and 507(a).

22 As a consequence of New Vista's violation of 13 C.F.R. §§107.1830(b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of New Vista.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining New Vista, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of New Vista's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of New Vista, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate New Vista's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. §687c, take exclusive jurisdiction of New Vista and all of its assets, wherever located, appoint SBA as receiver of New Vista for the purpose of marshaling and liquidating the assets of New Vista and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Order filed simultaneously herewith.

D. That this Court order that New Vista's license to operate as an SBIC shall be revoked upon the wind-up and conclusion of the receivership thereof.

E. That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

KEVIN V. RYAN
UNITED STATES ATTORNEY

Dated: October 17, 2005

By: /s/Edwin L. Joe
EDWIN L. JOE
Special Assistant United States Attorney

Of Counsel:

ARLENE M. EMBREY, ESQ.
Trial Attorney

U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324
Email: arlene.embrey@sba.gov